## CIRCUIT COURT OF STAFFORD COUNTY

Commonwealth of Virginia

v.

Robert L. Knight, Sr.

August 23, 1990

Case No. 90-C-198

By JUDGE JAMES W. HALEY, JR.

1. Defendant has moved the Court to quash twelve direct indictments, eleven of which allege violations of § 18.2-370.1 and the final alleging a violation of Section 18.2-67.3. The basis of his motion is that the alleged dates of the twelve offenses[1] are insufficient

---

[1] 1. "On or about August, 1988, and through September, 1988 . . . ."
2. "On or about October, 1988, and through November, 1988 . . . ."
3. "During the month of December, 1988 . . . ."
4. "On or about January, 1989, and through February, 1989 . . . ."
5. "On or about March, 1989, and through April, 1989 . . . ."
6. "On or about May, 1989, and through June, 1989 . . . ."
7. "On or about July, 1989, and through August, 1989 . . . ."
8. "On or about September, 1989, and through October, 1989 . . . ."
9. "On or about November, 1989, and through December, 1989 . . . ."
10. "On or about January, 1990, and through February, 1990 . . . ."
11. "During the month of March, 1990 . . . ."
12. "During the month of June, 1988, and through July, 1988 . . . ."

to meet the requirements of Code §§ 19.2-216,[2] and 19.2-220,[3] as is the Commonwealth's response to his Motion for a Bill of Particulars.[4]

The motion is denied. The instant issue was expansively considered and rejected in *Clinebell v. Commonwealth*, 3 Va. App. 362, 363-367, 349 S.E.2d 677-679 (1986), also involving a series of sexual offenses against a minor, and the Virginia Supreme Court in *Clinebell v. Commonwealth*, 235 Va. 319, 321, 368 S.E.2d 264, 266 (1988), stated:

> Clinebell first contends that the indictments were fatally defective because they failed to specify the exact dates of the alleged offenses. We conclude that the indictments are legally sufficient, and, on this issue, we affirm the holding and rationale of the Court of Appeals.

More recently and by analogy, in *Johnson v. Commonwealth*, 9 Va. App. 175, 178, 385 S.E.2d 223, 225 (1989), "the indictments charged [sexual] criminal conduct beginning in 1974 and extending through May, 1982." The Court rejected the defendant's contention that delay in seeking the indictments "caused substantial prejudice by his inability to reconstruct adequately or accurately his activities during the time span of the indictments."

2. The defendant was arrested on five felony warrants alleging criminal acts inflicted on the same victim on April 27, 1990 (§ 18.2-67.1, § 18.2-67.3), on April 28,

---

[2] Section 19.2-216 states in part as follows: "An indictment is a written accusation of crime . . . ."

[3] Section 19.2-220 states in part as follows: "The indictment shall be . . . . (a) . . . . definite written statement . . . . reciting that the accused committed the offense on or about a certain date . . . ."

[4] "The Commonwealth answered that 'with respect to the direct indictments . . . the evidence will show that during the period of time encompassed . . . the victim visited the home of the defendant for the weekend . . . [and the acts occurred] . . . During the weekend . . .' and further that no more specific dates could be given because, as the victim stated, 'it happened so many times'."

1990 (§ 18.2-67.1, § 18.2-67.3), and on April 29, 1990 (§ 18.2-67.3). After a preliminary hearing on each, indictments were returned on these charges, as well as the twelve direct indictments referred to above, at the same meeting of the grand jury.

The defendant has moved the court to sever the twelve direct indictments from the five other indictments for trial.

Rule of Court 3A:10(b) states in part that: "The court may direct that an accused be tried at one time for all offenses then pending against him, if . . . (i) the offenses meet the requirements of Rule 3A:6(b) . . . ."

Rule of Court 3A:6(b) states in part that: "Two or more offenses . . . may be charged . . . if the offenses are based upon the same act or transaction, or on two or more acts or transactions that are connected or constitute parts of a common scheme or plan."

In *Foster v. Commonwealth*, 6 Va. App. 313, 369 S.E.2d 688 (1988), the defendant sought to sever some of nine separate counts of an indictment alleging sexual offenses committed in June or July, 1980, and from July, 1983, to September, 1985, involving a number of different victims. The court considered the failure to sever error because there was a three-year hiatus between the first counts, and the victim in the first counts was different from the series of victims in the later counts.

In the instant case there is no time gap between the alleged offenses, and the victim of each is the same. Accordingly, the defendant's motion is denied.

3. Defendant moves the court to quash the twelve indictments "and permit the Commonwealth to reissue the warrants and permit the defendant the right of a preliminary hearing . . ." pursuant to § 19.2-218. The motion is denied. *Waye v. Commonwealth*, 219 Va. 683, 251 S.E.2d 202 (1979), *cert. den.* 442 U.S. 924, 99 S. Ct. 2850, 61 L. Ed. 2d 292 (1979).